The People of the State of Illinois, *ex relatione* William Teale *v.* John Pearson, Judge of the Cook Circuit Court.

*Application for a writ of Mandamus.*

When an action is brought upon a promissory note, and a declaration is filed containing a special count on the note, and the common counts, and a copy of the note is filed with the declaration, it is unnecessary to file an *account* in order to give the note in evidence under the common money counts.

Where the Circuit Court granted a continuance because an account was not filed with a declaration upon a promissory note,—which also contained the usual common counts—although the plaintiff offered to file a stipulation that he claimed to recover only upon the note which was filed with the declaration ten days before the session of the Court,—unless the plaintiff would strike the common counts out of his declaration, the Supreme Court granted a peremptory writ of mandamus to the judge of the Circuit Court, commanding the Court to proceed with the cause without requiring the account to be filed.

*Semble,* That where a notice of an application for a writ of mandamus to a judge of the Circuit Court, is served upon the opposite party in interest, and the judge of the Court, and the law is plain, the Supreme Court will grant a peremptory writ in the first instance.

William Teal instituted a suit against John B. F. Russell, Francis Peyton, and Josiah E. McClure, in the Cook Circuit Court, on the 9th of December, 1837, by summons, returnable to the March term, 1838. The summons was returned duly executed upon Peyton and McClure, "Russell not found."

On the 22nd day of February, more than ten days before the session of the March term of the Court, the plaintiffs filed their declaration in said cause, upon a promissory note. The declaration contained a count on the note, and the usual common counts. A copy of the note was filed with the declaration, but no account was filed.

. At the March term of the Court, the defendant, Peyton, "moved the Court to continue the cause because the declaration has a special count, and the common counts; there is no account filed for the money counts."

At the May term, 1838, of said Court, the Hon. John Pearson presiding, the defendant having renewed his motion, the plaintiff made a cross motion to "be permitted to file a stipulation that he claims to recover in this cause upon the promissory

note only, a copy of which was filed with the declaration in this cause on the 22d of February, 1838, and that upon the filing of the said stipulation, the said motion made by the said defendant for the continuance of the cause, be denied, and that the Court proceed with the trial of the cause in its regular order on the docket, (upon such stipulation being filed,) unless the defendant shall show some other sufficient ground for a continuance," and offered to file said stipulation. The Court thereupon ordered " that said cross motion be denied, and that the defendant's motion be allowed, and the said cause be continued at the plaintiff's costs, unless the said plaintiff strike out of the declaration the said common money counts."

The said William Teal presented the record of said cause, and the following notice and certificate, to the Supreme Court, at the June term, 1838 :

" *Cook Circuit Court.*
    William Teal
       *v.*
John B. F. Russell,
Francis Peyton, and
Josiah E. McClure.

The plaintiff in this cause, by Butterfield and Collins, his attorneys, hereby gives notice to this honorable Court and the defendants, that he will make an application to the next Supreme Court of this State, to be held at Vandalia, on the first Monday in June next, that a *mandamus* be issued, to the judge of this Circuit Court, directing him to vacate the order disallowing the cross motion made by the plaintiff in this cause, on Friday the 10th inst., and that he allow the said cross motion and proceed to the trial of the said cause as in the said cross motion prayed, and that the Court make such further or other order as justice may require, and prays that this motion be entered on the records of this Court.

BUTTERFIELD and COLLINS,<br>Plaintiff's att'ys.

May 19, 1838.

To the Hon. J. Pearson, Judge of said
    Court, and Messrs. Grant and Pey-
    ton, att'ys for defts."

" We acknowledge service of copy of the foregoing notice this 27th day of May, 1838.

GRANT and PEYTON,<br>Att'ys for defts."

"State of Illinois, ⎫ ss.
 Cook county,  ⎬

I, Richard J. Hamilton, Clerk of the Circuit Court of said county, do certify, That on the 24th of May, 1838, this paper was filed among the papers of the case wherein W. Teal is plaintiff, and John B. F. Russell *et al.* are defendants, and was ordered to be stricken from the file by the judge of said Court. Witness my hand, at Chicago, this 28th day of May, A. D. 1838.

R. J. HAMILTON, Clerk."

Points made, and authorities cited by

JUSTIN BUTTERFIELD and JAMES H. COLLINS for the relator:

At common law, where the declaration does not disclose the particulars of the plaintiff's demand, the defendant has a right to obtain a judge's order, directing the plaintiff to deliver to the defendant, a bill of particulars of his demand by a certain day. Tidd's Practice 534.

"The bill of particulars must not be made the instrument of that injustice which it is intended to prevent." *Per* Mansfield, Chief Justice, in Milwood *v.* Walter, 2 Taunt. 224.

The statute of this State requiring a copy of the account where the action is brought on an account, to be filed with the declaration, was not intended to introduce any new principle into the laws of this State. It has been settled as well before as since the statute of Ann, that the holder of a promissory note may give it in evidence under the general counts for money lent, or money had and received.

The plaintiff has the same right to give the note in evidence under the money counts, as under the count upon the note. 2 Lord Raymond 775; 2 Strange 719; 3 Burr. 1516; 2 Johns. 235; 8 Johns. 81; 12 Johns. 90.

The only way in which the erroneous decision of the Circuit judge in this case can be corrected by this Court, is by the issuing of a *mandamus.*

The Supreme Court of this State have original jurisdiction in cases of *mandamus.* Article 6, § 2 of the Constitution of this State.

"A writ of *mandamus* is of a most extensively remedial nature, and issues in all cases where the party has a right to have a thing done, and has no other specific means of compelling its performance.

It issues to the judges of any inferior Court, commanding them to do justice, according to the powers of their office, whenever the same is delayed; for it is the peculiar business of the Court of King's Bench, to superintend all inferior tribunals, and therein enforce the due exercise of those judicial or ministerial powers,

with which the Crown or legislature have invested them." 3 Blac. Com. 110.

When the Superior Court of the City of New York granted a new trial, on the ground of newly discovered evidence, and it appeared that the evidence alleged to be newly discovered, was merely cumulative, the Supreme Court of the State of New York granted a peremptory *mandamus* to the judges of the Superior Court of the City of N. Y., to vacate the rule granting a new trial.

In this case, the Court say, a *mandamus* will not be awarded when the subordinate tribunal has an absolute discretion, without other control than its own judgment—as where criminal courts are authorized, in their discretion, to fix the period of imprisonment of convicts within certain periods, or to impose fines within certain amounts; but when the law has given to the parties rights as growing out of a certain state of facts, then discretion ceases, and if the tribunal charged with the matter, commit an error, its acts will be reviewed. The People *v.* The Superior Court of the City of N. Y., 10 Wend. 285.

Where a Court of Common Pleas set aside a report of referees, on the merits, the Supreme Court awarded a peremptory *mandamus* commanding them to vacate the rule. 12 Wend 246.

The Supreme Court of New York awarded a peremptory *mandamus* to the judges of the Court of Common Pleas of the City and county of New York, commanding them to vacate a rule to set aside a *fieri facias.* Blunt *v.* Greenwood, 1 Cowen 15.

On an application for a *mandamus,* where both parties are heard, and there is no dispute about the facts, and the law is with the application, a peremptory *mandamus* will be granted in the first instance. In such a case, the Court will not put the party to the useless delay of going through with the forms of an alternative *mandamus.* *Exparte* Rogers, 6 Cowen 526.

Under this state of the facts and the law, the relator asks this Court to award a peremptory *mandamus* against the Circuit judge, commanding him to vacate the order made by him denying the relator's cross motion for leave to file a stipulation that he claimed to recover on the note only, and commanding him to allow the said motion.

A *mandamus* is the only remedy the plaintiff can have in this case. It is conceived that a writ of error will not lie. The act of the special session of 1837,(1) only gives a writ of error for " overruling a motion for a continuance"—but not for refusing to proceed and try a cause.

JAMES GRANT and F. PEYTON opposed the motion.

(1) Acts of July 1837, 100; Gale's Stat. 540. See note to Wickersham *v.* The People, *Ante* 128.

2M*

*Per* Wilson, Chief Justice :(1)

This motion must be granted. The case is too clear to admit of doubt. I cannot conceive upon what ground the judge of the Court below refused to grant the relator's motion. It was impossible for the plaintiff to file an account, unless he manufactured one for the occasion. The statute only requires an account to be filed where the action is in reality brought upon an account. The object of the statute is to apprize the defendant of the precise nature of the claim which he is called upon to answer. The filing of an account, when the plaintiff had no claim besides the note, would not have given the defendants any additional information. Besides, the offer to file the stipulation removed all doubts, if any could possibly exist before, as to the exact nature of the plaintiff's demand. Let a peremptory writ issue.

*Motion allowed.*

*Note.* See the case of The People *ex rel.* R. C. Bristol *v.* John Pearson, and note, 2 Scam.

(1) Smith and Lockwood, Justices, not having been present at the argument of this cause at the last June term, gave no opinion.